IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

C. GONZALEZ-AGUILERA,

        Plaintiff,

Case No. 2:16-cv-01889-PK

ORDER

v.

JASON BELL, Asst. Supt. Sec.;
JOHN W. KYLE, Capt.; and
ROBERT JONES, Corr. Ofc.,

        Defendants.

MOSMAN, Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action

pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court is Defendants' Motion Dismiss

Plaintiff's Complaint as Duplicative of Earlier-Filed and Still-Pending Litigation (ECF No. 10). For

the reasons, that follow, Defendants' Motion is GRANTED.

## BACKGROUND

On April 18, 2016, Plaintiff filed a Complaint in this court using the name "Prince Miguel

Ismael." *See Ismael v. Nooth*, Case No. 2:16-cv-00683-MC (ECF No. 2). Although Plaintiff filed

1 - ORDER -

that Complaint using a different name than in the instant action, Plaintiff's prisoner identification number, SID 7241626, is identical for both cases.[1]

Plaintiff's Complaint in *Ismael v. Nooth*, Case No. 2:16-cv-00683-MC, named as Defendants Mark Nooth, Jason Bell, Captain Kyle [sic], and Robert Jones. In his original Complaint Plaintiff alleged a March 31, 2016, misconduct report issued by Defendant Jones violated Plaintiff's First Amendment rights against retaliation for protected speech. On May 5, 2016, Plaintiff filed a First Amended Complaint alleging the same claims, but naming as the sole Defendants Jason Bell and Robert Jones. On October 20, 2016, Plaintiff filed a Second Amended Complaint, again alleging the same claims and adding John W. Kile as a Defendant. Defendants have filed a motion to dismiss Plaintiff's Second Amended Complaint, which remains pending.

On September 26, 2016, Plaintiff filed his Complaint in this action. Here, Plaintiff alleges that on or around March 31, 2016, Defendant Jones issued a misconduct report against Plaintiff in retaliation for a prison grievance Plaintiff filed against Jones. Plaintiff alleges the misconduct report violated Plaintiff's First Amendment rights against retaliation for protected speech. The claims alleged in the instant action are identical to claims alleged in the previously filed case which remains pending before District Judge Michael J. McShane.

## DISCUSSION

Pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss a prisoner's claims if the action "is frivolous or malicious," "fails to state a claim on which relief may be

---

[1]Indeed, the court notes that Plaintiff has filed actions in this court under a variety of names which are all related to the identical prisoner identification number. The various names employed by Plaintiff include: C. Gonzalez-Aguilera, C. Blanket Gonzalez-Aguilera, C. Michael Gonzalez-Aguilera, Christopher Gonzalez-Aguilera, Christopher Michael Gonzalez-Aguilera, Cristobal Miguel Gonzalez-Aguilera, Miguel Gonzalez-Aguilera, and Prince Miguel Ishmael.

granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2). A Plaintiff has no right to have two actions pending based on the identical facts. *See*

*Tripati v. First Nat'l Bank & Trust*, 821 F .2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous

claim arising out of the same series of events and alleging the same facts as another pending action);

*see also Boag v. McDougall*, 454 U.S. 364, 365 n.1 (1982) ([former] § 1915(d) gives district court

broad discretion to take judicial notice of previously filed civil rights actions); *Hernandez v. Denton*,

861 F.2d 1421, 1425 (9th Cir. 1988), *rev'd on other grounds*, 493 U.S. 801 (1992) (*in forma*

*pauperis* plaintiff has no right to bring repetitive or duplicative claims).

As described above, the facts alleged in the Complaint in this action are identical to the facts

alleged by Plaintiff in another action brought under a different name. Accordingly, Plaintiff's

Complaint must be dismissed as frivolous. Because it is clear that the deficiencies of Plaintiff's

Complaint cannot be cured by amendment, the dismissal is with prejudice.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 10) is

GRANTED, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ⚡day of December, 2016.

Michael W. Mosman
Chief U.S. District Judge

3 - ORDER -